**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | |
|---|---|
| PATRICIA TATE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case 5:21-cv-05133-PKH |
| | ) |
| COLOPLAST CORP.; and COLOPLAST MANUFACTURING US, LLC, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the parties' agreed motion for protective order (Doc. 27) and proposed protective order (Doc. 27-1). The parties request a protective order governing certain confidential documents and information that will be exchanged between the parties in discovery. The motion will be GRANTED, and a protective order will be entered.

The parties have shown good cause for the entry of a protective order as to documents containing confidential information, which falls squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, No. 12CV238, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, each party appears to agree as to the proposed protective order. The protective order will neither impair prosecution nor the defense of the claims. The Court finds that good cause has been shown for the entry of a protective order regarding documents containing confidential information.

However, Section II.A.11 of the proposed protective order will be revised to comport with this Court's standard operating procedure for filing confidential or highly confidential materials. The Court will separately enter a revised protective order.

IT IS SO ORDERED this 30th day of March, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE